UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY, | ) | CASE NO. 5:20-cv-2826 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| PLAZA RESEARCH CORPORATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the supplemental motion of plaintiff Advanced Dermatology ("AD" or "plaintiff") for class discovery. (Doc. No. 14.) For the reasons that follow, AD's supplemental motion for class discovery is granted.

**I.    Background**

AD filed this purported nationwide class action against defendant Plaza Research Corporation ("PRC") alleging that PRC violated the Telephone Consumer Protection Act, "TCPA"), 47 U.S.C. § 227, by sending unsolicited facsimiles to individuals and businesses who did not give their consent.[1] (*See* Doc. No. 1.) PRC did not answer or otherwise respond to the complaint, and AD applied to the Clerk for entry of default against PRC, which was entered. (*See* Doc. Nos. 8, 11.)

---

[1] AD's factual allegations are detailed on the Court's Memorandum Opinion and Order conditionally granting AD's motion for class certification (Doc. No. 12), and familiarity therewith is assumed.

AD moved for class certification and class discovery. (Doc. Nos. 9 and 10, respectively.) The Court conditionally granted AD's motion for class certification but denied its motion for class discovery without prejudice for failing to provide the Court with any information regarding the reason, target, nature, or scope of discovery it sought to conduct. (Doc. No. 12 at 14.[2]) Subsequently, AD filed a supplemental motion to proceed with class discovery and attaches AD's first discovery request to be propounded upon PRC, including written discovery and the production of documents. (*See* Doc. No. 14; *id*. at 5–17.)

## II.  Discussion

This case is atypical from a discovery standpoint in that, because of PRC's default, AD is unable to meet and confer with PRC pursuant to Fed. R. Civ. P. 26(f) and to initiate discovery. But Rule 26(d)(3) permits the Court to authorize discovery in its discretion in the interest of justice.

A request for early discovery requires a showing of good cause. *See Coop. Med. Health Care Corp., P.A.*, Case No. 1:21-cv-46, 2021 WL 3808939, at *8–9 (collecting cases and citing among authority 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule [26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.")). "Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc v. Does*, No. 1:16-cv-914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016) (citations

---

[2] Page number references are to the page numbers assigned to each individual document by the Court's electronic filing system, a practice recently adopted by this Court.

omitted); *see also Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007) (absent limited discovery to obtain information relevant to the issues of class certification and damages, plaintiff cannot pursue his claims in this action against defendant since defendant has not appeared in this action and is in default).

AD failed to establish good cause in its first motion because AD did not indicate from whom it proposed to seek discovery, the purpose, nature, and scope of discovery, or timeframe required to complete such discovery (*see* Doc. No. 12 at 15). But in its supplemental motion, AD has addressed the factors previously identified by the Court and demonstrated good cause for conducting early discovery.

First, AD argues that the facsimile records of PRC are needed in order for this case to proceed because PRC's fax records will provide evidence of class members, which is a prerequisite to the next stage of this case—a motion for default judgment. Moreover, if early discovery is not permitted (given PRC's failure to appear and defend this action) PRC's records may be lost. (Doc. No. 14 at 2.) AD's argument in support of good cause for conducting early discovery is well-taken. Discovery of PRC's fax records is necessary to determine the identity of class members and damages, and PRC's default precludes AD from conducting a Fed. R. Civ. P 26(f) conference and initiating discovery. Thus, early discovery is necessary to advance the case on the Court's docket. *See Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 471 (6th Cir. 2017) ("In the context of the TCPA, where fax logs have existed listing each successful recipient by fax number, our circuit has concluded that such a record in fact demonstrates that the fax numbers are objective data satisfying the ascertainability requirement.'") (quoting *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014)).

"The scope of the discovery request also determines whether or not good cause exists." *Arista Recs., LLC v. Does 1-15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007) (citing *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003)). The party from whom AD seeks discovery is defendant PRC, though AD notes that it may need to subpoena telecommunication records and any contractors and subcontractors revealed in its discovery from PRC. (Doc. No. 14 at 2.) AD attaches a copy of the written and document discovery requests to be propounded upon PRC, which seeks information including fax recipients, fax lists and logs, processes and procedures for sending faxes, etc. (*Id.* at 5–17.) The Court finds that both the target and the scope of the discovery requested by AD are proper and reasonable and supports a finding of good cause to permit early discovery in this case.

With respect to the length of time required for early discovery, while AD's discovery to PRC seeks responses within thirty days, AD notes that if PRC ignores the discovery request as it has ignored service of the complaint, AD anticipates that the time needed to complete the attached discovery may extend beyond three months if motions and any necessary hearings are required to compel PRC and/or to subpoena third parties in possession of discoverable information. (*Id.* at 3.) Thus, AD seeks a total of six months to complete early discovery, which under the facts of this case, the Court finds to be reasonable. *See Coop. Med. Health Care Corp., P.A. v. Med. Synergy, Inc.*, No. 1:21-cv-46-PAB, 2021 WL 4523442, at *3 (N.D. Ohio Oct. 4, 2021) (finding six months to be reasonable to complete early discovery in TCPA case where defendant is in default).

### III. Conclusion

For all of the foregoing reasons, Advanced Dermatology's supplemental motion for limited early discovery is granted. (Doc. No. 14.) Plaintiff is granted six months from the date of this Order to complete the discovery attached to its supplemental motion, including the filing of any motions related thereto.

**IT IS SO ORDERED**.

Dated: March 28, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**